

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-15-892

**Opinion Delivered** March 30, 2016

ARAMARK AND SEDGWICK CLAIMS
MANAGEMENT SERVICES, INC.
APPELLANTS

V.

JACKIE STONE
APPELLEE

APPEAL FROM THE ARKANSAS
WORKERS' COMPENSATION
COMMISSION
[NO. G301350]

AFFIRMED

## LARRY D. VAUGHT, Judge

Appellants Aramark and Sedgwick Claims Management Services, Inc. (CMS) appeal the decision of the Arkansas Workers' Compensation Commission (the Commission) affirming and adopting the administrative law judge's (ALJ) award of additional medical benefits to appellee Jackie Stone's for the treatment of his compensable shoulder injury. We affirm.

Stone began working for Aramark in 2003 as a sales representative. In 2012, while hanging smocks on a rack, he felt pain in his neck, his right arm, and the back of his shoulders. He reported the injury to his employer and was seen by Dr. Dustin Pope, who prescribed pain medication and referred Stone to Dr. Mark Allard, an orthopedist. An MRI revealed degenerative damage but no torn muscles.

Stone told Dr. Allard that he could not lift his right hand above shoulder level without severe pain and weakness. He stated that, although he had previously experienced

muscular pain, he had never had joint pain in his right shoulder of the severity that he was now experiencing after the injury.

Dr. Allard found that Stone suffered from preexisting osteoarthritis in his right shoulder, which he had exacerbated twice, including the 2012 on-the-job injury at Aramark.[1] Dr. Allard prescribed physical therapy (which Stone said made the pain worse) and an injection (which temporarily reduced the pain). Dr. Allard recommended that if the injections did not successfully resolve his pain, Stone would need distal clavicle resection surgery.

Stone received a change of physician and was seen by Dr. Chris Arnold in January 2014. Dr. Arnold found that Stone's injury was work related. Dr. Arnold also recommended that Stone undergo a distal clavicle resection. Appellants denied Stone's request for the operation.

On October 27, 2014, a hearing was held before the ALJ regarding Stone's right to additional medical treatment, specifically the clavicle resection. The ALJ found that Stone had proved by a preponderance of the evidence that he was entitled to the additional treatment. The Commission affirmed and adopted the ALJ's decision, and appellants filed a timely appeal.

In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 404, 269 S.W.3d 391, 394 (2007); *Jones v. Xtreme Pizza*, 97

---

[1] There was evidence that, prior to the work-related injury, Stone also exacerbated the underlying osteoarthritis by attempting to reach behind his seat while driving.

Ark. App. 206, 245 S.W.3d 670 (2006). Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Parker*, 100 Ark. App. at 404, 269 S.W.3d at 394. If reasonable minds could reach the same decision as the Commission, we must affirm. *Id.*, 269 S.W.3d at 394.

Appellants argue that there was not substantial evidence to support the finding that a clavicle resection was reasonable and necessary treatment for Stone's compensable shoulder injury. Arkansas Code Annotated section 11-9-508(a) (Repl. 2012) states that "[t]he employer shall promptly provide for an injured employee such medical [treatment] . . . as may be reasonably necessary in connection with the injury received by the employee." The employee must prove by a preponderance of the evidence that medical treatment is reasonable and necessary. *Butler v. Lake Hamilton Sch. Dist.*, 2013 Ark. App. 703, at 7, 430 S.W.3d 831, 835. What constitutes reasonable and necessary medical treatment is a question of fact for the Commission to determine. *Id.*, 430 S.W.3d at 835.

Appellants contend that Stone had a preexisting arthritic condition, that the proposed surgery is meant to address the preexisting condition, and that Stone's admittedly-compensable injury was merely a temporary exacerbation of the preexisting condition. However, we have previously affirmed an award of reasonably necessary additional medical treatment to address a preexisting condition that became symptomatic due to a compensable injury. *St. Edward Mercy Med. Ctr. v. Howard*, 2012 Ark. App. 673, 424 S.W.3d 881. We hold that the Commission's decision to award Stone additional medical benefits in the form of distal clavicle resection surgery was supported by substantial evidence. Both Dr. Allard and Dr. Arnold expressed opinions that the resection was necessary to address Stone's work-

SLIP OPINION

SLIP OPINION

related injury. Stone testified that he had no problem performing his work duties prior to the 2012 injury and that he had never before experienced similar pain. As the Commission correctly noted, Stone would not have required the surgery but for the compensable injury. While appellants contend that the injury was temporary, the evidence included the opinions of two doctors who agreed that the surgery would be necessary to address the injury. Therefore, we affirm the Commission's finding that Stone was entitled to additional medical benefits.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy* and *Seth A. White*, for appellants.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellee.